Charles W. Franz *vs.* The Teutonia Building Association, No. 2.

Act of 1833, Ch. 181 : Relating to Mortgages in Baltimore City : Decree. Objections to.—The objection to a decree passed in pursuance of the Act of 1833, ch. 181, and its supplements, that it was passed *after* default, and therefore improperly, was overruled in the preceding case, *Black vs. Carroll, ante p.* 251.

——: ——: Act of 1852, Ch. 148 : Incorporation of Homestead or Building Associations : Estoppels.—The objection to such decree that it does not appear by averment or proof that the plaintiff was incorporated pursuant to the provisions of the Act of 1852, ch. 148, cannot be taken advantage of by a defendant who has recognized its existence and right to sue in accordance with the Act of 1852, by executing to it a mortgage.

——: ——: Act of 1825, Ch. 50 : Certain Mortgages Excepted from its Operation.—The objection to said decree, that the mortgage upon which it was passed was void by the Act of 1825, ch. 50, because of the uncertainty as to the time for which it may exist, and of the amount to be paid under it, does not apply, it appearing to the satisfaction of the Court, from the mortgage itself, that the mortgagor was a member of the Association, and within the exception of the 7th sec. of the Act of 1852.

Appeal from the Circuit Court for Baltimore City.

This is an appeal from a decree of the Circuit Court of Baltimore City, passed in pursuance of the provisions of the Act of 1833, ch. 181, and its supplements.

A bill or petition was filed in the Court below on the 20th of September, 1862, by the appellee, in these words :

" The bill of complaint of the Teutonia Building Association, No. 2, humbly shows that a certain Chas. Franz, by his indenture of mortgage which is herewith filed, marked exhibit A, to be taken as part of this bill, assigned the property therein particularly described to the said Association, for the purpose of securing the payments and the prompt performance of the covenants and obligations in the said mortgage mentioned. Your orator further shows that the said Charles Franz is greatly in arrear, having failed to make the said payments and to perform the covenants in the said mortgage mentioned for more

than three months. Your orator says the said mortgage contains the assent of the said Charles Franz, for the passage of a decree for the sale of the said mortgaged premises. And your orator prays that your Honor will pass a decree for a sale of the said mortgaged premises, to the end that the claim of your orator, which is herewith filed, marked exhibit B, and prayed to be taken as part of this bill under said mortgage, may be paid out of the proceeds of such sale, with costs and proper expenses ; and that your orator may have such further relief as the nature of its case may require.''

The mortgage filed with the bill is dated the 8th of June, 1857, and witnesseth that in consideration of the sum of $936, paid by the said Association to Franz, he conveys a leasehold interest in a lot in Baltimore city, particularly described, to the said Teutonia Building Association, No. 2, with the proviso that it is the intent of these presents that the mortgage shall be void if Franz shall well and truly pay and perform the payments and obligations hereinafter recited to be paid and performed by him ; and Franz then covenants with the Association : 1st. To pay to it, and its successors and assigns, six dollars per week, for each and every week succeeding the date of these presents, and in addition thereto the interest on the sum of $2,400, to be received monthly in equal instalments for each and every month succeeding the 8th day of August, 1867, until such time when it shall appear by the books of the said Association that there is sufficient money in hand, and in actual possession of the same, to pay each unredeemed share of its stock to the holders thereof, $200 clear of all losses and liabilities of said Association. 2nd. To keep the property insured, pay all the ground rents and taxes thereon, and also all fines imposed on him by the Association. It then provides that each and all of these obligations shall continue until the time when the afore-

said stock shall be worth $200 for each unredeemed share; but on his failing to make said weekly payments and the monthly interest as before stated, "and any such default continuing for three months from the time of default," then the mortgaged property "shall be sold by a trustee to be duly appointed, and the proceeds of sale shall be applied" to pay : 1st, the costs and expenses of the sale, and all arrears of ground rent, taxes, &c.; 2d, to the Association all arrears of weekly payments and monthly interest due and unpaid, according to the stipulations of the mortgage ; and 3rd, the balance of the proceeds shall be deposited in some bank, and applied from time to time the said weekly sums and monthly interest as they become due in manner as they are required by the mortgage to be paid by said Franz, and the balance, if any, to him, his executors, administrators and assigns. "And the said Charles Franz, his executors, administrators or assigns, to secure and enforce the payments and conditions hereinbefore, and as hereinbefore on the part of himself, his executors, administrators or assigns to be paid and performed, hereby declares his assent for the passing of a decree for the sale of the hereby mortgaged property and premises under and conformable to the Act" of 1833, ch. 181, "or in case of default made by him in any of the conditions of this mortgage, does hereby empower the said Building Association, or its attorney, to sell the property and premises hereby mortgaged in the manner prescribed in the Act of 1836, ch. 249, or any other Act or Acts supplementary of either of the Acts herein referred to."

The Court, (KREBS, J.,) on the same day the petition was filed, (20th September, 1862,) passed a decree directing the mortgaged property to " be sold," appointing a trustee to make the sale in the usual form, prescribing the terms of sale at one-half cash and the balance in four months, directing the proceeds to be brought into Court,

and providing that before a sale shall be made, a statement of the mortgage claim, duly verified by affidavit as required by law, be filed in said cause, and any stay created by the stay-laws shall have ceased to operate. From the decree this appeal was taken by Franz.

The cause was argued before Bowie C. J., and Bartol, Goldsborough, Cochran and Weisel, J.

*O. Miller* for the appellant.

This decree having been affirmed *nisi* under the rules of this Court, the appellant, by his counsel, for cause against an absolute affirmance, shows and insists :

1st. That the decree is not warranted by the terms of the mortgage. It was passed after default, and therefore to be sustained there must be on the face of the mortgage an assent to its passage, under the Act of 1839, ch. 9, the 3rd section of which authorizes the passage of the decree after as well as before default. The original Act of 1833, ch. 181, sec. 2, contemplates only a decree before default, and hence the necessity of the passage of the supplemental Act of 1839. Now the assent given in this mortgage is only for a decree under the original Act of 1833. It was clearly competent for the parties so to contract, and that such was their intention is evident from the fact, that provision is made for proceeding under the Act of 1836, ch. 249, in case of default made. There is no assent to the passage of a decree under the supplemental Act of 1839. The plain reading of the instrument, and the obvious intention of the parties to it, is this: the mortgagee should have power, in order to secure and enforce the mortgage, to obtain a decree at once, as soon as the mortgage was executed and recorded, before default made, under the Act of 1833, but if the mortgagee did not choose to take this course, but waited

until after default made, he should then proceed under the Act of 1836. The mortgage does not say he shall have the choice of either remedy, but carefully excludes such a conclusion. The mortgagee has the absolute power to obtain a decree under the Act of 1833, which must under that Act be obtained before default, but the mortgage does not say he may proceed under that Act or its supplement of 1839, after default; the words are, "or in case of default" made by the mortgagor he empowers the mortgagee, "or its attorney," to sell the property "in the manner prescribed in the Act of 1836, ch. 249, or any other Act or Acts supplementary to either of the Acts herein referred to." The only reference to any supplement to the Act of 1833 is in these latter words, but there is no supplement to that Act which authorizes or prescribes a mode by which the mortgagee or its attorney can sell mortgaged property. The Act of 1833 and its supplements, provide only for a sale by a trustee appointed by a decree of the Court. The Act of 1836, and its supplements, provide for a sale after default by the mortgagee or some person authorized by him, without the aid of a decree, and without any application to any Court. It is therefore submitted that the appellee was bound by the terms of this mortgage to proceed under the Act of 1836, having waited until default was made before obtaining a decree under the Act of 1833, and the Court below had not, at the time this decree was passed, jurisdiction or authority to pass the same.

On this point as to the construction of the Acts of 1833, ch. 181, and its supplement of 1839, ch. 9, see the case of *Kenley vs. Wierman's Excrs.*, 18 *Md. Rep.*, 302.

2nd. But another objection is this: There is no special Act incorporating this Association, and authorizing it to sue by the corporate name of "The Teutonia Building Association, No. 2," and it therefore has only a right to come

into Court under the Act of 1852, ch. 148. Now, the first section of that Act grants authority to individuals under any name by them assumed, to associate for the purpose of organizing or establishing Homesteads or Building Associations, and being so associated shall, on complying with the provisions of this Act, be considered a body politic and corporate, and as such shall be capable in law to hold and dispose of property, &c., have and use a common seal, &c., choose officers and enact by-laws, &c., may sue and be sued, plead and be impleaded, answer and be answered in any Court of Law and Equity, and do all other acts, &c., provided, however, that before any such corporation shall be entitled to the privileges of this Act, they shall lodge with the Clerk of the Circuit Court, &c., a copy of the articles of association of such corporation, signed by at least seven members, and certified by the Secretary thereof, to be recorded in the office of such Clerk. In other words, it is expressly enacted that no such Association shall have the privilege of suing in any Court of Law or Equity, unless it has complied with this condition. No such Association can cross the threshold of any Court of Law or Equity in this State without taking its credentials along with it. It must show itself entitled to sue either by proof or averment. But here there is neither in the petition nor bill, nor in the mortgage nor anywhere else in the record, an averment even that this Association had complied with the provisions of the Act of 1852; there is not even an averment or any recital in the mortgage, that it was duly incorporated. In the total absence of any proof, or any averment, or any recital in the mortgage to this effect, the Court below had no jurisdiction to pass this decree. The proceedings being *ex parte,* and the decree being passed the same day the petition was filed, and without notice, there was no other mode of taking advantage of this objection except by an appeal.

In the case of *Robertson vs. The American Homestead Association*, 10 *Md. Rep.*, 397, the mortgage recited that the Association was "duly incorporated," so that the mortgagor was estopped from setting up this objection in that case.

3rd. Again, it is submitted that this mortgage would be void under the Act of 1825, ch. 50, on account of the uncertainty of the time for which it may exist, and the amount that may be paid under it, and can only be saved by being brought within the terms of the 7th section of the Act of 1852, ch. 148. But that section only authorizes such mortgages to be made by members of the Association. Now neither the mortgage, nor the bill nor petition in this case, recite or aver that the appellant was a member of this Association. Such an averment or recital to that effect in the mortgage was necessary, in order to render it a valid mortgage upon which a decree could be passed under the Act of 1833, or its supplements. In *Robertson's case*, 10 *Md. Rep.*, 397, the mortgage recited that Robertson was a member of the Association. The recital in that mortgage, is " whereas the said Jesse Robertson is a member of the said Association, the same being a body corporate duly incorporated."

*Alexander Wolff* for the appellee.

1. The mortgage is properly executed, and contains the appellant's assent to a sale in the following words :

And the said Charles Franz to secure and enforce the payment and conditions hereinbefore mentioned, and as hereinbefore recited, on the part of himself, his executors, administrators or assigns, to be paid and performed, hereby declares his assent for the passing of a decree for the sale of the hereby mortgaged property and premises, under and conformable to the Act of the General Assembly of Mary-

land, passed at December session of the year 1833, chap. 181, &c., entitled an Act relating to mortgages, or in case of default made by him in any of the conditions of this mortgage, does hereby empower the said Teutonia Building Association, No. 2, or its attorney, to sell the property and premises hereby mortgaged, in the manner prescribed in an Act of the General Assembly aforesaid, passed at December session in the year 1836, ch. 249, &c.

2. The appellant was in arrear for over three months, as proven by the account.

3. The appellant empowered the appellee to foreclose the mortgage at any time after a default in making the payments secured by the mortgage, in the following words :

And the said Charles Franz failing to make the said payments of weekly sums of money, and the monthly interest on the entire amount received, as hereinbefore recited to be paid, or failing to perform any of the said obligations as hereinbefore stipulated to be performed, and any such default continuing for three months from the time of the default, then the hereinbefore described property shall be sold, &c.

*James Revell* also for the appellee, in reply to the appellant's first point, argued as follows :

1st. The 3rd section of the Act of 1839, ch. 9, enacts, "That the decree authorized by the second section of the Act to which *this is a supplement*, may be passed as *well after as before* the period limited in the mortgage for payment of the debt, or for the foreclosure of the mortgage." Now, if the appellant gave his assent to a sale under the supplement to the Act of 1833, to wit : the Act of 1839, I would ask how (ignoring for the present the Act of 1836) could a sale be effected without a decree ?   He clearly gave his assent to a sale under any Act supplementary to the Act of 1833, and a sale under this last mentioned Act could not be obtained except by a decree under said Act of 1833. Can a proposition be clearer ?

But, again, the Act of 1839, ch. 9, being *in pari materia* with the Act of 1833, ch. 181, *must be construed* with that Act, or, in the language of the books, *"as if they were one law ;"*—*"*the latter Act may be considered as incorporated with the former.*" Earl of Ailesbury vs. Patterson, Dougl.,* 30. *Dwarris on Statutes, (side paging,)* 699 *and* 700, *and authorities in note. Mayor of Balto. vs. Howard,* 6 *H. & J.,* 383. *The Canal Company vs. The Rail Road Company,* 4 *G. & J.,* 1. *Dugan vs. Gittings,* 3 *Gill,* 138. *Ranoul vs. Griffie,* 3 *Md. Rep.,* 60.

The case of *Kenley vs. Wierman's Executors,* 18 *Md. Rep.,* 302, cited by the appellant's counsel, is not in point, as will appear by an examination of the record and report of the cases ;—there the terms of the mortgage were very dissimilar to the present case, and it is respectfully submitted, an argument is not required to show the dissimilarity. If any inference is to be drawn from the case cited applicable to this case, it is to the effect that the Acts of 1833 and 1839 are to be construed as one.

2nd. In reply to the appellant's 2nd point. The Act of 1833 and its supplements, contemplated a summary proceeding ; the mortgage and covenants were the solemn act, under seal, of the appellant ;—the right to obtain a decree for sale of the mortgaged premises was distinctly and unequivocally accorded to the appellees ;—the power to sue is expressly recognized, and yet, in the face of all this, the appellant, instead of resorting to his remedy by injunction, in case of fraud or other improper act upon the part of the association, or by bill of review, gravely asks an appellate Court to perpetrate nothing short of a fraud upon the rights of this association, by permitting him to deny his own solemn *act* and *deed.* By this act of his, he is estopped from setting up such a plea ; has waived, by his solemn acknowledgment, all objections to the capacity

of the association to covenant with him. *Wesley vs. Thomas*, 6 *H. & J.*, 29. *Congregational Society vs. Perry*, 6 *N. H.*, 165. *Den vs. Van Houten*, 5 *Halstead*, 274. *Dutchess' Cotton Man. Co. vs. Davis*, 14 *Johnson, N. Y.*, page 243. *Hennings vs. Dutch West India Co.*, 2 *Ld. Raym.*, 1535. *John vs. Farmers & Mechanics' Bank*, 2 *Blackf. (Ind.)* 367. *Hughes vs. Bk. of Somerset*, 5 *Little*, (*Ky.*,) 47. *Tar River Nav. Co., vs. Neal*, 3 *N. C.*, 526.

The true principle of estoppel, as applicable to deeds, is to prevent circuity of action, and to compel parties to fulfill their contracts. *Casey's Lessee vs. Inloes, et al.*, 1 *Gill*, 430. *Bonner vs. Wilkinson's Executor*, 5 *Barn. & Ald.*, 682.

The Act of 1852, ch. 148, authorizes the formation of "Homestead or Building Associations," by complying with certain provisions, one of which is, that the articles of association shall be recorded. The object of this is to give notice to the world ; and this record, for the purposes of the association, is as much a matter of public notoriety as an Act of Assembly. The appellant has admitted by his deed, that the "Teutonia Building Association," No. 2, has an existence. The presumption of law is, therefore, that it is duly incorporated, and being duly incorporated, has the right to *hold and dispose of property* both *real and personal*, to sue and be sued, &c. *Hagerstown T. R. Co. vs. Creeger*, 5 *H. & J.*, 122. *Commonwealth vs. Woelper, and others*, 3 *Sergt. & Rawle*, 29.

3rd. In reply to the appellant's third point.

Although the mortgage does not recite or aver in direct language that Franz was a member of the association, yet its terms, conditions and covenants, plainly indicate the fact. But the averment or recital was unnecessary, for the following reasons :

1st. There is nothing in the Act of 1852, which prevents

an association organized under its provisions, to take a mortgage from a *non-member ;* as one of the rights, incident to its incorporation, is under the very terms of the *first* section of said Act, to *hold and dispose* of property *both real and personal. Plank Road Co. vs. Young,* 12 *Md. Rep.,* 476, &c.

2nd. The mortgage in question contains on its face the amount, and fixes the time and mode of payment.

3rd. For the reasons assigned in reply to second point of appellant.

4th. Because the Court of Appeals in the case of *Robertson vs. The American Homestead Association,* 10 *Md. Rep.,* 408, cited by the appellant's counsel, say " that the mortgage in this case, (somewhat similar to this,) is *not* within the provisions of the Act of 1825, ch. 148, or if it be, that Act is repealed, *pro tanto,* by the Act of 1852, ch. 148.''

GOLDSBOROUGH, J., delivered the opinion of this Court.

The appeal in this case is taken by the appellant from a decree of the Circuit Court of Baltimore City, passed on the 20th day of September, 1862, pursuant to the Act of 1833, ch. 181, and its supplements.

The objections urged by the appellant to this decree are 1st, that the decree was passed *after* default.

2nd. That it does not appear by any averment in the appellee's petition or by proof, that the appellee was incorporated pursuant to the provisions of the Act of 1852, ch. 148.

3d. That the mortgage on which the decree was passed would be void under the Act of 1825, ch. 50, on account of the *uncertainty* of the time for which it may exist, and the *amount* that may be paid under it, unless saved by the 7th section of the Act of 1852, ch. 148, and that section only authorizes such mortgages to be made by members of the association. The 1st objection is removed by the decision

of this Court pronounced at the present term in the case of *Samuel Black vs. David Carroll, p.* 251. As to the second objection, we think the appellant is precluded from making it by his own act. By his mortgage he recognizes the right of the appellee to sue in accordance with the Act of 1852. *In* 6 *N. H. Rep.,* 165, the Court say "the giving of the note is an admission by the defendant of the existence of the corporation, and he cannot now be permitted to deny that there is a duly organized corporation." See also 5th *Halstead N. J. Rep.,* 274. This was a case of a mortgage, and it is said, "the mortgage under his hand and seal is as against him, sufficient evidence of the existence of the corporation." *In* 14th *John's Rep.,* 243, where the decision turned on the law of New York, similar to the Act of 1852, it is said by the Court "this is a public law and the certificate becomes a matter of record. The defendant having undertaken to enter into a contract with the plaintiffs in their corporate name, he thereby admits them to be duly constituted a body politic and corporate under such name."

The 3rd objection is covered by the case of *Robertson vs. The American Homestead Association,* 10th *Md. Rep.,* 397, as to the question of uncertainty of time for which it exists, and the amount that may be paid under the mortgage.

As to the question whether the 7th section of the Act of 1852, authorizes such mortgages as the one under which the decree in this case was passed by members only, we do not deem it material to determine whether the appellee was authorized to take mortgages from others not members. In our opinion, the terms of this mortgage clearly import that the appellant was a member of the association.

Finding no error in the decree of the Circuit Court, we will sign a decree affirming it with costs to the appellee and remand the cause for further proceedings.

*Decree affirmed, and cause remanded.*

(Decided March 20th, 1866.)